BLUMENTHAL et al., Appellees,

v.

MEDINA SUPPLY COMPANY, Appellant.

[Cite as *Blumenthal v. Medina Supply Co.* (1995), 100 Ohio App.3d 473.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67454.

Decided Jan. 30, 1995.

---

*Dworkcn & Bernstein Co., L.P.A., Patrick J. Perotti, Robert J. Hoffman, Patrick T. Murphy* and *Howard S. Rabb,* for appellees.

*Jones, Day, Reavis & Pogue* and *David A. Kutik,* for appellant.

---

SPELLACY, Presiding Judge.

Defendant-appellant Medina Supply Company appeals the grant of a motion by plaintiffs-appellees to certify the class in a suit alleging appellant supplied

defective concrete. Before reaching the merits of the appeal, it must be determined whether the certification of a class is a final, appealable order.

R.C. 2505.02 states in pertinent part:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial."

In *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, the court held an order determining that an action may be maintained as a class action was a final, appealable order. *Id.* at syllabus. The court arrived at this conclusion after declaring that such an order affects a substantial right and applying a balancing test to decide the order was made in a special proceeding. The test weighed the harm to the prompt and orderly disposition of litigation and the waste of judicial resources against the need for immediate review because appeal after final judgment was not practicable. *Id.* at 258, 21 O.O.3d at 161, 423 N.E.2d at 456.

*Amato* was overruled in *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. The court rejected the balancing test set forth in *Amato.* Instead, the court looked to earlier cases for guidance and applied a more historical approach in determining what constitutes a special proceeding. The method for analysis applied in *Polikoff* first requires asking whether the order was one recognized in equity, at common law, or established by special legislation. *Id.* at 107, 616 N.E.2d at 218. If known in equity or at common law, the order is not final unless the second part of *Polikoff* is satisfied. Next, the nature of the relief sought is examined. A special proceeding occurs where a party either files a special petition seeking a remedy conferred upon that party by an Ohio statute or in a proceeding which is essentially an independent judicial inquiry. An adversarial hearing determining issues of law and fact which arise from the pleadings is not a special proceeding. *Id.*

The holding of *Polikoff* was foreshadowed in dissents written by Justices Andy Douglas and Alice Robie Resnick in *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 555 N.E.2d 956. The majority held an order determining whether an action shall or shall not be maintained as a class action to be a final, appealable order. *Id.* at syllabus. In his dissent, Justice Douglas urged that *Amato* be overruled. He argued a special proceeding is one which is unusual or extraordinary and therefore proceedings under the Rules of Criminal or Civil Procedure are not special but are part of everyday practice. Justice Douglas stated:

"[A] special proceeding is an action: (1) which has been brought about by specific legislation creating a special type of action; (2) *and is either* (a) not recognized at common law, *or* (b) not part of our standard civil (or criminal) practice. An order *granting* certification of a defendant (or plaintiff) class does not meet this definition." (Emphasis *sic.*) *Id.* at 74, 555 N.E.2d at 962.

Justice Douglas noted that class actions were known at common law and are a part of our standard civil practice. He concluded the grant of a class certification is not a final, appealable order. Such an order does not determine the action or prevent a judgment but is only a necessary step to a final determination of the class action suit.

Justice Alice Robie Resnick, author of *Polikoff,* argued the certification of a class action is a preliminary proceeding and not an order entered in a special proceeding:

"[I]t can be seen that certification of a class neither determines the action nor prevents a judgment. At any time during the proceedings the court can decertify part or all of the class. It would be wholly inconsistent with a considerable line of cases to hold that if a party opposing certification does not appeal within thirty days of certification its right to appeal is lost. The reason is that at any time during trial of the certified class action the court may change its previous order. There would be no reason for a party to attempt an appeal from such an obviously interlocutory order." *Id.* at 76, 555 N.E.2d at 964.

Although these views offer some illumination on the matter at hand, it still is necessary to apply the test set forth in *Polikoff* to an order granting a motion to certify a class to see if it is or is not a final, appealable order. Class action suits were known at common law. See *Hansberry v. Lee* (1940), 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22. Therefore, the first prong of *Polikoff* has not been satisfied.

The next inquiry is in regard to the nature of the relief which is sought by the party. There was no special petition filed by the plaintiff seeking a remedy conferred by an Ohio statute. The proceeding was not an independent judicial inquiry, as the issue of class certification is one of law and fact arising from the pleadings. See, also, *Indiana Ins. Co. v. Carnegie Constr. Co.* (1993), 91 Ohio App.3d 286, 632 N.E.2d 579; *Ross v. Ross* (1994), 94 Ohio App.3d 123, 640 N.E.2d 265.

A grant of class certification is not a final, appealable order pursuant to *Polikoff.*

The appeal is dismissed.

*Appeal dismissed.*

BLACKMON and PORTER, JJ., concur.