**DEEGAN & McGARRY et al., Appellees,**

**v.**

**MED–COR et al., Appellants.**

[Cite as *Deegan & McGarry v. Med–Cor* (1998), 125 Ohio App.3d 449.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 71588 and 71633.

Decided Jan. 26, 1998.

**450**

*Donahue & Scanlon, Thomas J. Scanlon, Tim L. Collins, Dennis M. Coyne; Shapiro, Haber & Urmy, Edward F. Haber* and *Michelle Blauner,* for appellees.

*Spengler & Nathanson, Theodore M. Rowen* and *Teresa L. Grigsby,* for appellant Med–Cor, Inc.

*Hahn, Loeser & Parks, Debra A. Coleman, Arthur M. Kaufman, Mark Griffin* and *David C. Weiner,* for appellants Lake Hospital Systems, Meridia Health System, MetroHealth System, Richmond Heights General Hospital, St. Alexis Hospital Medical Center, St. Luke's Medical and Meridia Huron.

*Thompson, Hine & Flory, L.L.P., Patrick F. Haggerty* and *Robert F. Ware,* for appellant PMSI, L.P.

*Cook & Batista Co.* and *James W. Moennich,* for appellant St. Joseph Hospital.

*Bricker & Eckler* and *John F. Birath, Jr.,* for appellants Riverside Methodist Hospital, Grant Hospital, Columbus Community Hospital, Park Medical Center, St. Ann's Hospital, Southwest General Hospital and Jewish Hospital.

*Baker & Hostetler* and *Joseph C. Feliciano,* for appellant Doctors Hospital.

*C. Richard McDonald,* for appellant Keen Imaging Medical Records Service.

*Calfee, Halter & Griswold, Michael Brittain* and *James F. Lang,* for appellants Cleveland Clinic Foundation, Brentwood Hospital, Meridia Hillcrest Hospital, Meridia Euclid Hospital, Meridia Huron Hospital and Meridia Suburban Hospital.

*Weston, Hurd, Fallon, Paisley & Howley, Stephen D. Walters* and *David C. Lamb,* for appellants University Hospital of Cleveland and Euclid MEDNET.

*Gallagher, Sharp, Fulton & Norman, Ernest Auciello* and *William A. Viscomi,* for appellant St. Alexis Hospital.

*Montgomery, McCracken, Walker & Rhoads* and *David Zalesne; Walter & Haverfield* and *James D. Wilson,* for appellants Smart Corporation and Recordex Services, Inc.

*Vorys, Sater, Seymour & Pease* and *James A. Wilson,* for appellant Children's Hospital.

*Ulmer & Berne, Ronald Isroff* and *Jennifer H. Gorman,* for appellant Hospital Correspondence Corporation.

*Arter & Hadden* and *Victoria L. Vance,* for appellant Mt. Carmel Hospital.

*Arter & Hadden* and *Jeffrey A. Healy,* for appellant Fairview General Hospital.

*Vorys, Sater, Seymour & Pease* and *Joel I. Ratner,* for appellant Children's Hospital.

---

PATTON, Judge.

The trial court certified as a class of plaintiffs three law firms and all persons who were patients of twenty-seven hospitals in the Cleveland, Columbus, and Cincinnati metropolitan areas who had permitted their attorneys (whether named in the suit or not) to request their medical records from seven medical records services employed by the defendant hospitals. The dispositive issue, raised in plaintiffs' motion to dismiss this appeal, is whether the class certification order is a final, appealable order.

The plaintiff class consists of patients and their attorneys who have requested medical records from defendant hospitals. The hospitals employ defendant records services that copy medical records for the hospitals. Plaintiffs allege that these services overcharge plaintiffs and at the same time kick back a portion of the fees they receive to the hospitals in the form of referral fees or free photocopies for other photocopy services required by the hospitals.

Our appellate jurisdiction is limited to reviewing final orders. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03. A further limitation on our jurisdiction is contained in R.C. 2505.02, which defines a "final order" as (1) one that affects a substantial right in an action which in effect determines the action and prevents a judgment, (2) an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or (3) an order that vacates or sets aside a judgment or grants a new trial.[1]

Because the order appealed from is the certification of a class pursuant to Civ.R. 23 (an order that neither determines the action nor vacates or sets aside a judgment), the finality of this appeal is governed by the language of R.C. 2505.02 that refers to an order that affects a substantial right made in a special proceeding. The first inquiry is whether the order was entered in a special proceeding. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 108, 616 N.E.2d 213, 218, fn. 8. In *Polikoff*, the syllabus states, "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02." A two-step analysis is to be employed when determining whether an order has been entered in a special proceeding. First, the court must determine whether the action was recognized in equity, at common law, or established by special legislation. *Id.* at 107, 616 N.E.2d at 217–218. Second, the court must determine the nature of the relief sought, recognizing that a special proceeding is either a proceeding in which a party files a special petition seeking a remedy that was conferred upon that party by statute or a proceeding that represents an essentially independent judicial inquiry. *Id.*

In *Blumenthal v. Medina Supply Co.* (1995), 100 Ohio App.3d 473, 654 N.E.2d 368, we found that the grant of class certification was not a final appealable order under *Polikoff* because class action suits were known at common law; hence, they were not special proceedings as required by R.C. 2505.02. See, also, *DeBaggis v. Smythe Cramer Co.* (June 8, 1995), Cuyahoga App. No. 68332, unreported, at 2

---

**1.** Another limitation on appellate jurisdiction, not applicable to this appeal, is Civ.R. 54(B), which limits appellate jurisdiction to appeals where all *claims* against all parties have been adjudicated, unless the trial court certifies that there is no just reason for delay. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381.

("a grant of class certification is not a final appealable order"). Although this holding would seem dispositive of the motion to dismiss, defendants maintain that we may still consider this appeal because the relief sought by plaintiffs under the Ohio Consumer Sales Practices Act specifically relates to class actions for money damages under R.C. 1345.09(B). They maintain that certification of a class under that section may occur only after the court has found the substantive conduct at issue to be deceptive or unconscionable.

Certification of a class under R.C. 1345.09(B) requires a prior determination that the act or practice violated R.C. 1345.02 or 1345.03. In the ordinary class action case, an order certifying the class does not determine the action because the court may decertify the class at any point in the proceedings. *Blumenthal, supra*, 100 Ohio App.3d at 475, 654 N.E.2d at 369–370, citing *Dayton Women's Health Ctr. v. Enix* (1990), 52 Ohio St.3d 67, 76, 555 N.E.2d 956, 963–964 (Resnick, J., dissenting). The trial court's order granting the motion to certify the class made no findings, much less the determination required by R.C. 1345.09(B). Nevertheless, the trial court may yet in its discretion decide that plaintiffs have not met or no longer meet the criteria of a class under Civ.R. 23 and decide to decertify the class, and such an order would have no effect on the substantive merits of plaintiffs' claims.

Defendants also argue that certification of the class could be made under R.C. 1345.09(B) only if the court determines that the alleged facts of the complaint in fact constituted violations of the Consumer Sales Practices Act. We disagree. The court's certification of this class under R.C. 1345.09(B) does not constitute *ipso facto* proof of a Consumer Sales Practices Act violation by these particular defendants. Instead, it merely signifies judicial recognition that the practice complained of has previously been determined to be a violation, not that the specific allegations of the complaint are true by virtue of the class certification. For example, suppose a group of plaintiffs filed suit against a car dealership alleging that the dealership turned back odometers on all used cars it sold. That practice of turning back car odometers would be a violation of the Consumer Sales Practices Act, but it would remain a question for the trier of fact as to whether that particular car dealership engaged in the alleged violation.

Accordingly, we find the court's certification of this class did not constitute a final, appealable order. The motion to dismiss is granted.

*Cause dismissed.*

JAMES D. SWEENEY, C.J., concurs.

ROBERT E. HOLMES, J., concurs in part and dissents in part.

ROBERT E. HOLMES, J., retired, of the Supreme Court of Ohio, sitting by assignment.

HOLMES, Judge, concurring in part and dissenting in part.

I am in agreement that under the law of *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213; *Walters v. The Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 676 N.E.2d 890, and *Blumenthal v. Medina Supply Co.* (1995), 100 Ohio App.3d 473, 654 N.E.2d 368, a class certification order pursuant to Civ.R. 23 is not a final appealable order under R.C. 2505.02. Therefore I agree that the determination of the trial court that the requirements of Civ.R. 23 have been met is not reviewable at this time.

However, we are dealing with a hybrid class certification order in this matter. Plaintiffs-appellees seek damages against the defendants, alleging in their complaint that the defendants committed unfair, deceptive, and unconscionable acts and practices in violation of R.C. 1345.02 and 1345.03 of the Consumer Sales Practices Act ("CSPA"). The complaint, in addition to seeking declaratory relief from the alleged violation of those sections, also seeks compensation under CSPA for actual losses, statutory damages, treble damages, and attorneys fees. Plaintiffs also filed a motion for class certification under Civ.R. 23(B)(2) and 23(B)(3).

Without making any findings on the record, the trial court granted plaintiffs' amended motion for class certification.

The CSPA prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions. R.C. 1345.03 sets forth designated unconscionable sales practices. Plaintiffs' complaint relies primarily upon R.C. 1345.03(B)(2), which reads as follows:

"Whether the supplier knew at the time the consumer transaction was entered into that the price was substantially in excess of the price at which similar property or services were readily obtainable in similar consumer transactions by like consumers."

R.C. 1345.09 provides for private remedies where there have been alleged violations of the CSPA:

"(A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.

"(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the

determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.".

The underlying cause of action being pursued by the plaintiffs has been specifically provided for by statute, and the remedies found therein, including treble damages and attorney fees in an individual action, and other appropriate relief and attorney fees in a class action, were not available in an action at common law.

The appellees argue that this case is indistinguishable from *Polikoff*, because here too the question whether the action meets the requirements of Civ.R. 23 will be preserved throughout the litigation. However, unlike the circumstances in *Polikoff* and *Blumenthal,* a plaintiff's right to seek money damages under the CSPA is conferred by a statute that requires that certain conditions be present in order to bring the action, whether an individual action or a class action. R.C. 1345.09 seems to require the trial court to determine whether the complaint falls within subsection (A) as an individual action, or within subsection (B) in that there has been an alleged act or practice that has been declared to be deceptive or unconscionable by rule adopted under R.C. 1345.05(B)(2), or an act or practice determined by a court of this state to violate R.C. 1345.02 and 1345.03 and committed after the decision has been made available for public inspection under R.C. 1345.05(A)(3).

It is clear that these sections of the Act make a substantive distinction between pursuing remedies in an individual action and pursuing remedies in a class action. Consequently, before a class action for damages can be certified under the CSPA, a trial court must not only find that the procedural requirements of Civ.R. 23 are satisfied, but first find that the substantive requirements of R.C. 1345.09(B) are satisfied, including the requirement that the conduct at issue has been found to be deceptive or unreasonable, either by rule or by court decision made public by the Attorney General per R.C. 1345.05(A)(3).

The trial court, in review of the material before it when class certification is sought in a CSPA action, may find that the conditions within R.C. 1345.05(A)(3) have been met and then proceed to a determination of the class action pursuant to Civ.R. 23. Or the trial court may find that the conditions of R.C. 1345.05(A)(3) have not been met. In that event the court may hold that the action cannot proceed, and enter an order dismissing the action.

It should be pointed out here that the enactment of CSPA has not limited the remedies available to these plaintiffs, in that R.C. 1345.13 specifically provides: "The remedies in Sections 1345.01 to 1345.13 of the Revised Code are in addition

to remedies otherwise available for the same conduct under state or local law." I believe that this section adds further support to the argument that the sections under consideration here present a special statutory proceeding.

Based upon the foregoing, in my view, a motion to certify a class action in a suit for money damages under the CSPA is in the nature of a special proceeding that is conferred solely by statute, and therefore the order granting certification is subject to appellate review, at least as to the jurisdictional requirements set forth within R.C. Chapter 1345. The trial court having made no specific findings here, I would reverse and remand this matter.