DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. It has come to the court's attention that the order from which this appeal has been taken is not final and appealable. Therefore, this court does not have jurisdiction to hear this appeal.
 {¶ 2} This is the second appeal that has been filed in this class action case by defendants, Firelands Community Hospital, et al. The first appeal challenged the trial court's order certifying the class and defining that class as "all persons who delivered a stillborn child or otherwise suffered a miscarriage at Firelands Community Hospital from January 1, 1988 through 1996 and for whom the hospital disposed of the stillborn or miscarried fetus." This court affirmed the class certification in Walker v. Firelands Community Hosp. (October. 5, 2001), Erie App. No. E-01-006.
 {¶ 3} Upon remand to the trial court for further proceedings, the plaintiffs submitted a proposed plan to notify the class members. In response, the defendants filed a report on how to identify the class members to be notified. These plans differed in how to identify potential members of the class; plaintiffs' method is based on a broad definition of "stillborn or miscarried fetus," while defendants sought to restrict that definition to only unborn children of a sufficient gestational age. The trial court judge approved the broader definition and stated in a February 11, 2003 judgment entry:
 {¶ 4} "The Court did not intend when it entered the order on class certification and used the phrase `stillborn or miscarried fetus' for those terms to be interpreted in the same way as a pathologist may use them (i.e. in preparation of a pathology report). The Court's intent in using the phrase `stillborn or miscarried fetus' was to identify persons who should be notified that there [sic] rights may be effected [sic] by this law suit. The defendant's [sic] effort to impose their unique definition of `stillborn or miscarried fetus' appears to be motivated by a desire to minimize the number of people who are notified that their rights may be determined in this litigation. This case will impact on persons who are absent parties to the case, therefore, due process requires the Court to favor a broader notice procedure than that proposed by the defendant. * * * All class certification decisions can be revisited should evidence develop that would establish that the class definition should be modified. The Court will revisit the class definition at the appropriate time should the parties establish a basis for such a modification. * * * If evidence is developed that a person is not a member of the class as defined, then the court will rule on that issue at the appropriate time."
 {¶ 5} The judge then ordered the hospital to supply to the plaintiffs a list of all account codes and diagnostic codes used in the applicable years; ordered the parties to attempt to agree on what account and diagnostic codes will be used to identify individuals who will receive notice; stated that if no agreement could be reached, she will make that determination; ordered the hospital to then compile a list of individuals identified by using the account and diagnostic codes; ordered the hospital to supply pathology reports to plaintiffs of all listed individuals; ordered plaintiffs to notify these individuals within 90 days of receipt of the list; and concluded her decision by stating:
 {¶ 6} "Defendants will challenge any class members' [sic] status based upon the Firelands Community Hospital's pathology reports not later than 30 days after those reports are available to defendants."
 {¶ 7} R.C. 2505.02 controls what types of orders are final and appealable. The statute states, in pertinent part:
 {¶ 8} "2505.02 Final order.
 {¶ 9} "(A) As used in this section:
 {¶ 10} "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.
 {¶ 11} "(2) `Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
 {¶ 12} "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 {¶ 13} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 14} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 15} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 16} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 17} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 18} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 19} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 20} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 21} The trial court's February 11, 2003 judgment is clearly not covered by R.C. 2505.02(B)(1), (B)(3), or (B)(5). R.C. 2505.02(B)(2) and (4), however, deserve consideration. Subsection (B)(2) requires that the order must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Id.
 {¶ 22} In State ex rel. White v. Cuyahoga Metro. Hous. Auth.,79 Ohio St.3d 543, 1997-Ohio-366, the court states: "Since * * * class action suits * * * were recognized at common law, orders entered in * * * [a class] action are not made in a special proceeding under R.C. 2505.02. See, e.g., Blumenthal v. Medina Supply Co. (1995), 100 Ohio App.3d 473,475, 654 N.E.2d 368, 369, citing Hansberry v. Lee (1940), 311 U.S. 32,61 S.Ct. 115, 85 L.Ed. 22 (`Class action suits were known at common law.')"
 {¶ 23} This leaves only R.C. 2505.02(B)(4), the provisional remedy for a final order. We find that the proceedings related to how to identify and notify class members in a class action lawsuit are not "proceedings ancillary to an action," and thus are not "provisional remedies" pursuant to R.C. 2505.(A)(3); they are integral to the entire procedure to be followed in a class action suit under Civ.R. 23. Therefore, the order of February 11, 2003 is not a "provisional remedy."
 {¶ 24} Accordingly, we find that we do not have jurisdiction to hear this appeal. See, Section 3(B)(2), Article IV of the Ohio Constitution, "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *." This appeal is ordered dismissed at appellants' costs.
 APPEAL DISMISSED.