Anthony **BOWER** and **Jeff Leake, Plaintiffs,**

v.

**INTERNATIONAL BUSINESS MACHINES, INC.,**
**Defendant.**

No. 3:03CV262.

United States District Court,
S.D. Ohio,
Western Division.

July 5, 2007.

838

Calvin S. Tregre, Jr., Janet Gilligan Abaray, Lopez Hodes Restaino Milman & Skikos, Cincinnati, OH, for Plaintiffs.

Bryant L. Brewer, Ted Thomas Martin, Baker & Hostetler LLP, Cincinnati, OH, for Defendant.

DECISION AND ENTRY OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS COMPLAINT FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED (DOC. # 6); PLAINTIFFS GIVEN LEAVE TO FILE AN AMENDED COMPLAINT AS TO CLASS CLAIMS IN COUNT ONE WITHIN STATED PERIOD OF TIME

RICE, District Judge.

This matter is before the Court on the Defendant's Motion to Dismiss the Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. (Doc. # 6.) The Plaintiffs assert three claims against the Defendant, International Business Machines Corporation ("IBM"), in their individual capacity and on behalf of a putative class. The Court has subject matter jurisdiction over this action because there is complete diversity of citizenship between Plaintiffs and the Defendant.

I. *BACKGROUND*

The following facts are set forth in the Plaintiffs' Complaint. (Doc. # 1.) The Defendant, IBM, manufactures, markets and sells the Deskstar 75GXP Hard Disk Drive, Model Numbers DTLA–307015, 307020, 307045, 307060, and 307075 (the "Deskstar"). In marketing the Deskstar to the public, IBM made representations regarding its reliability and performance specifications. (Id. at ¶ 38.) Plaintiffs saw IBM's representations regarding the Deskstar's reliability (Id. at ¶ 11) and purchased one or more of the Deskstars. (Id. at ¶ 6.) The Deskstars failed to work and, as a result, IBM received numerous complaints about the Deskstars from the Plaintiffs and from other consumers. (Id. at ¶¶ 48–50.) Plaintiffs allege that before releasing the Deskstars, IBM was aware that they failed at an unacceptably high rate, contained inherent defects and were not of merchantable quality. (Id. at ¶ 34.) The Plaintiffs further allege that, despite its awareness that the Deskstar had numerous problems, IBM concealed from the public the defects, and continued to market the Deskstar as reliable. (Id. at ¶¶ 5, 50–53.)

Based on the foregoing, the Plaintiffs filed a Complaint in this Court on July, 3, 2003, asserting three claims on their own behalf, and on behalf of a putative class, consisting of "all persons who purchased at retail in the State of Ohio, a Deskstar 75GXP Hard Disk Drive, including those who purchased it as a pre-installed component of an assembled system." (Id. at ¶ 16.) On their own behalf and on behalf of that class, Plaintiffs assert the following causes of action: (1) violation of the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann §§ 1345.01 *et seq.* (the "CSPA") (Count One); (2) violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. §§ 4165.01 *et seq.* (the "DTPA") (Count Two); and (3) unjust enrichment (Count Three). This matter is now before the Court on the Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. (Doc. # 6.)

II. *STANDARD OF REVIEW*

In considering a Rule 12(b)(6) motion to dismiss, this Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient, if proven, to make out the elements of a cause of action. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 724 (6th Cir.1996). This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard,* 76 F.3d at 724 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994)).

While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette,* 41 F.3d at 1064. While liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir.1988).

## III. *ANALYSIS*

### A. *OHIO CONSUMER SALES PRACTICES ACT*

IBM moves to dismiss Plaintiffs' CSPA claims for two reasons: *first,* Defendant claims that the Plaintiffs have failed to plead a CSPA class action; and, *second,* Defendant claims that Plaintiffs have failed to plead that the alleged misrepresentations made by IBM caused their alleged injuries.

#### 1. *Class Claims*

■ IBM's first contends that the CSPA class claim made by the Plaintiffs should be dismissed because they have failed to allege a material element of such

a cause of action. The CSPA states, in relevant part:

> Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.

Ohio Rev.Code § 1345.09(B). Ohio courts have interpreted this rule to mean that a consumer class action is authorized only when the alleged act or practice was declared to be deceptive or unconscionable prior to the transaction on which the claim is based. *See, Amato v. Gen. Motors Corp.,* 11 Ohio App.3d 124, 463 N.E.2d 625, 632 (1982); *see also, Deegan & McGarry v. Med–Cor,* 125 Ohio App.3d 449, 708 N.E.2d 1029, 1031 (1998) (finding that certification of a class under CSPA "signifies judicial recognition that the practice complained of has previously been determined to be a violation" of section 1345.02 or section 1345.03).

■ In section 1345.05(A)(3), the CSPA compels the Ohio attorney general to make available for public inspection all judgments and opinions by courts of Ohio "determining that specific acts or practices violate section 1345.02 or 1345.03 of the Revised Code." In addition, section

1345.05(B)(2) provides that the Ohio Director of Commerce may adopt rules that define with "reasonable specificity" acts or practices that violate sections 1345.02 and 1345.03. For class certification to be proper, the prior decision, or previously promulgated rule must have put the defendant on notice that the specific conduct at issue violated the CSPA. *See, Delahunt v. Cytodyne Technologies,* 241 F.Supp.2d 827 (S.D.Ohio 2003); *see also, Lewis v. ACB Business Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998).

■ IBM asserts that the Plaintiffs' Complaint is defective because it fails to "identify any administrative rule IBM has violated or any judicial determination of deceptiveness." (Doc. # 6). Plaintiffs argue, in a footnote of their Memorandum in Opposition, that general misconduct of the type the Plaintiffs allege has been determined to be actionable by Ohio courts. (Doc. # 9.) It is true that a class action may proceed under the CSPA when the defendant's conduct is alleged to violate a "general rule which reasonably tells potential actors ... what they may not do." *Delahunt,* 241 F.Supp.2d at 837 (quoting *Amato,* 463 N.E.2d at 632). However, the plaintiff is still required to allege that the defendant's conduct was previously declared unlawful and deceptive. *See, Delahunt,* 241 F.Supp.2d at 838 (finding that general rule promulgated in Ohio Adm. Code was sufficient to put defendants on notice that their specific conduct, if true, violated the CSPA).

The Plaintiffs have failed to identify in their complaint a rule or judgement that would place the Defendant on notice that the conduct alleged by the Plaintiffs violated the CSPA; consequently pursuit of this claim as a class action is improper. Therefore, the Court SUSTAINS the Defendant's Motion to Dismiss the Plaintiffs' claims brought on behalf of the proposed class pursuant to Ohio Rev.Code §§ 1345.02 and 1345.03 for failure to comply with the requirements of Ohio Rev. Code § 1345.09(B), without prejudice to the Plaintiffs. Plaintiffs are granted leave to file an amended class action complaint, subject to the structures of Fed.R.Civ.P. 11, within twenty (20) days from the date of this decision.

### 2. Causation

■ IBM Moves to Dismiss all of the CSPA claims made by the Plaintiffs on the ground that the Plaintiffs have failed to demonstrate that IBM's alleged misrepresentations induced them to purchase their Deskstars. (Doc. 6 at 4.) In ruling on a motion to dismiss, the Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard,* 76 F.3d at 724 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994)).

The Plaintiffs, in their Complaint, detail alleged misrepresentations and omissions made by the Defendant. (Doc. # 1, ¶¶ 38–43, 50, 52, 59–61). The Plaintiffs have alleged that "[a]s a result of defendant's false and misleading statements, and knowing omissions and concealment, Plaintiffs bought their Deskstar 75GXP." (Doc. # 1, ¶ 6.) The Plaintiffs have further alleged that "[a]s a direct and proximate result of IBM's violation of the Ohio Consumer Sales Practices Act, Plaintiffs ... have been misled, deceived and suffered ascertainable losses and monetary damages." (Doc. # 1, ¶ 64.)

A complaint need not specify every detail of a plaintiff's claim. *Gazette,* 41 F.3d 1061. The Plaintiffs' Complaint is sufficient to give the Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette,* 41 F.3d at 1064. Therefore, the Court OVERRULES Defendant's Motion to Dismiss

the Plaintiffs individual claims brought pursuant to Ohio Rev.Code §§ 1345.02 and 1345.03.

### B. *OHIO DECEPTIVE TRADE PRACTICES ACT*

IBM takes exception to the Plaintiffs' claim that they violated the DTPA for two reasons. *First,* IBM contends that the Plaintiffs cannot sustain a claim under the DTPA, because it applies to only commercial entities, and the Plaintiffs' claim is related to a consumer transaction; *second,* IBM claims that the Plaintiffs have failed to allege actual damages, a material element of a DTPA claim.

#### 1. *The DTPA & Consumers*

■ The Defendant Moves to Dismiss the Plaintiffs' DTPA claims contending that the law governs only conduct between commercial entities, not between a consumer and a commercial entity. (Doc # 6 at 5.) Defendant's rely exclusively on two unreported cases, *Chamberlain v. American Tobacco Co.,* 1999 WL 33994451, 1999 U.S. Dist LEXIS 22636 (N.D.Ohio 1999) and *Glassner v. R.J. Reynolds Tobacco Co.,* 1999 WL 33591006, 1999 U.S. Dist. LEXIS 22637 (N.D.Ohio 1999), to support this contention. (Doc. # 6 at 5.) Plaintiffs', in their Memorandum in Opposition, attack the two cases as being of questionable precedential value, and counter the Defendant's argument with their own contention that the plain and unambiguous language of the statute gives individual consumers the right to bring a claim under the DTPA. (Doc. # 9.) The Plaintiffs rely on the language in sections 4165.01(D) and 4165.02(B) to support their argument. The DTPA states in relevant parts:

> "A *person* who is injured by a person who commits a deceptive trade practice that is listed in division (A) section 4165.02 of the revised Code may commence a civil action to recover actual damages from the person who commits the deceptive trade practice." Ohio Rev.Code Ann. § 4165.03(A)(2) (emphasis added).

"Person" means an *individual,* corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, limited liability company, two or more of any of the foregoing having a joint common interest, or any other legal or commercial entity. Ohio Rev.Code Ann. § 4165.01(D) (emphasis added).

In order to prevail in a civil action under section 4165.03 of the Revised Code that seeks injunctive relief or an award of damages and that is based on one or more deceptive trade practices listed in division (A) of this section, a complainant *need not prove competition* between the parties to the civil action. Ohio Rev.Code Ann. § 4165.02(B) (emphasis added)

Plaintiffs would have this Court find that the legislature's definition of "person" as an "individual," and its admonition that competition is not a necessary element to show a violation of the statute lead naturally to the conclusion that "individual consumers unambiguously have the right to bring claims under the DTPA." (Doc. # 9 at 8.)

The Court does agree that the cases cited by the Defendant are of limited precedential value in deciding the intent of the Ohio State Legislature in enacting the DTPA. In *Glassner,* Judge Dowd ruled that the DTPA governs only conduct between commercial entities. (1999 WL 33591006, *2, 1999 U.S. Dist. LEXIS 22637 at *6). *Glassner* relied very heavily on an examination of cases brought under the DTPA that revealed that "the parties are virtually always competitors in some line of business," (*Id.*) and on one Ohio trial court that required " 'some demonstration of adverse impact on the plaintiff's *busi-*

*ness'* in order to recover damages." *Id.* (quoting *Diamond Company v. Gentry Acquisition Corp., Inc.,* 48 Ohio Misc.2d 1, 6, 531 N.E.2d 777 (Cuyahoga County 1988)) (emphasis added in *Glassner).* In *Chamberlain,* Judge Gaughan relied on the statute's reference to "legal or commercial entit[ies]" and followed Judge Dowd's ruling in *Glassner.* 1999 WL 33994451, *5, 1999 U.S. Dist LEXIS 22636 at *19. Neither *Glassner* nor *Chamberlain* included any analysis exploring the intent of the Ohio Legislature in enacting the DTPA.

In *Wachendorf v. Shaver,* the Ohio Supreme Court outlined the analysis required for statutory interpretation. 149 Ohio St. 231, 78 N.E.2d 370 (1948).

> [I]n the construction of statutes, it is the legislative intent manifested in the statute that is of importance, and such intent must be determined primarily from the language of the statute, ... courts may not speculate, apart from the words, as to the probable intent of the Legislature.... [N]othing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the act itself; and ... the court may write no limitations therein.... [T]he statute may not be restricted, constricted, qualified, narrowed or abridged.... [W]here the statute is expressed in general language, it is to be applied to all cases coming within its terms. The legislature will be presumed to have intended to make no limitations to a statute in which it has included by general language many subjects, persons or entities, without limitation.... [S]ignificance and effect should if possible be accorded every word, phrase, sentence and part of an act.... [I]f an act ... [is] couched in plain and unambiguous language, courts are not justified in adding words to statutes, neither may the courts delete words from a statute, but must construe intent of the lawmak-

ers as expressed in the law itself. *Id.* at 237, 78 N.E.2d 370.

Section 4165.03(A)(2) of the DTPA states that "A *person* who is injured by a person who commits a deceptive trade practice ... may commence a civil action to recover actual damages from the person who commits the deceptive trade practice." (emphasis added). Section 4165.01(D) provides a long list of all those who will be considered a "person" under the statute. The list ends with the words "any other legal or commercial entity." Ohio Rev. Code. Ann. § 4165.01(D). While it appears that Judge Gaughan interpreted the words "legal or commercial entity" to place a limit on the list, to do so would ignore the words "any other" immediately preceding them. By saying that *"any other* legal or commercial entity" may be considered a person, the Ohio Legislature did not limit the scope of the preceding list but expanded it. Ohio Rev.Code Ann. § 4165.01(D) (emphasis added). To interpret the words any other way would be to ignore their plain meaning. The statute otherwise remains silent on the issue of consumers, and no limits on the type of individuals who can pursue a claim are included in the statute.

"The legislature will be presumed to have intended to make no limitations to a statute in which it has included by general language many subjects, persons or entities, without limitation...." *Wachendorf* 149 Ohio St. at 237, 78 N.E.2d 370. The Defendant does not deny that the Plaintiffs, and the members of the class they purport to represent, are individuals, and the statute by its plain language places no limitation on the type of individuals who are considered to be a "person" and may pursue a claim. *See Rajeh v. Steel City Corp.,* 157 Ohio App.3d 722, 813 N.E.2d 697 (2004) (finding that, where statute placed no limit on the type of aliens that could claim workers' compensation bene-

fits, illegal aliens could not be excluded). Therefore, Defendant's argument that the Plaintiffs cannot maintain a cause of action based on a violation of the DTPA, because the DTPA applies only to commercial entities and not consumers, is deemed by this Court to be not well taken.

### 2. *Actual Damages*

■ IBM next moves to dismiss Plaintiffs' DTPA claims, contending that the Plaintiffs have failed to allege actual damages. (Doc # 6 at 5.) In their Complaint, Plaintiffs allege that "[a]s a direct and proximate result of IBM's violation of the Ohio Consumer Sales Practices Act, Plaintiffs and other Class members have been misled, deceived and suffered actual damages." (Doc. # 1 at ¶ 71.) This paragraph is included in the Plaintiffs "Second Cause of Action," where they allege that IBM violated the DTPA. While nowhere in the Complaint do the Plaintiffs specifically allege that they have suffered "actual damages," *as a result of IBM's alleged violation of the DTPA,* IBM has still been put on "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette,* 41 F.3d at 1064.

Therefore, the Court OVERRULES Defendant's Motion to Dismiss claims brought pursuant to Ohio Rev.Code §§ 4165.01 *et seq.*

### C. *UNJUST ENRICHMENT*

■ To support a claim for unjust enrichment, a plaintiff must demonstrate: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Reisenfeld & Co. v. Network Group, Inc.,* 277 F.3d 856, 860 (6th Cir.2002). There must be a "tie of

causation" between the plaintiff's loss and the defendant's benefit. *Laurent v. Flood Data Serv., Inc.,* 146 Ohio App.3d 392, 399, 766 N.E.2d 221, 226 (2001). IBM contends that the Plaintiffs have failed to properly plead a cause of action for unjust enrichment based on the Plaintiffs' failure to plead such a tie. (Doc. # 6.) The Plaintiffs respond by noting that "privity" is not required to make out a claim of unjust enrichment, *Pioneer Bank v. Flynn,* 1981 WL 5198 at *2 (Ohio Ct.App. Sep. 9, 1981), and further, contend that the Plaintiffs and IBM "stood on opposite sides of the same transaction." (Doc. # 9.) The Plaintiffs' arguments are not persuasive and their Complaint is fatally indefinite.

■ Nowhere in their complaint have the Plaintiffs alleged that they ever paid money directly to IBM. Absent this, there is no way to determine that the Plaintiffs' loss has caused the Defendant's benefit. In *Johnson v. Microsoft Corp.,* 155 Ohio App.3d 626, 802 N.E.2d 712 (2003), the Court upheld the dismissal of a claim very similar to those of the Plaintiffs herein. In *Johnson,* the plaintiff claimed, on behalf of herself and a putative class, that Microsoft had been unjustly enriched. The Court agreed with the defendant that the only direct benefit the plaintiff conferred was the money she paid to retailers who sold the software or individual computers containing the software. That benefit was insufficient to support a claim of unjust enrichment against Microsoft, the manufacturer of the software.[1]

The Plaintiffs claim that IBM has benefitted from their purchase of the Deskstars (Doc. # 1 at ¶ 72), but nowhere have they alleged that they purchased the Deskstars directly from IBM. Absent such an allegation, their Complaint is fatally indefinite. *See, Johnson v. Microsoft Corp.,* 155 Ohio App.3d 626, 802 N.E.2d 712 (2003).

---

1. Presumably, the Defendant, as manufacturer, has received all of the money/benefit due

from the sale of the product by its receipt of payment for the product from the retailer.

Therefore, the Court SUSTAINS Defendant's Motion to Dismiss Plaintiffs' claims of unjust enrichment set forth in Count Three.

## IV. *CONCLUSION*

Based on the reasoning and citations set forth above, Defendant's Motion to Dismiss is SUSTAINED as to the class claims in Count One and all claims in Count Three, and OVERRULED as to the Plaintiffs' individual claims in Count One and all claims in Count Two. Plaintiffs are given leave to file an Amended Complaint as to class claims in Count One, subject to the structures of Fed.R.Civ.P. 11, within twenty (20) days from the date of this decision.