Evans, Appellee, *v.* Duracote Corp., Appellant.

(No. 359—Decided January 30, 1968.)

*Messrs. Buckingham, Doolittle & Burroughs,* for appellee.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellant.

Lynch, J. Defendant, appellant herein, is appealing a judgment of the trial court which held invalid the following covenant of a noncompetition agreement entered into by plaintiff and defendant shortly after plaintiff became employed by defendant as product manager of defendant's overseas sales program with airlines:

"(b) That during his employment by Duracote and for a period of three (3) years following the termination of his employment by Duracote for any reason, whether such termination is voluntary or involuntary, Evans will not engage or become interested, directly or indirectly, as an individual, partner, stockholder, director, officer, principal, agent, employee or in any other relation or capacity whatever, in any business wherever located which sells for use in the aircraft industry any of the products then sold by Duracote for use in the aircraft industry."

Plaintiff had terminated his employment with defend-

ant and filed a declaratory judgment action to determine the validity of the above-mentioned covenant. Defendant filed an answer admitting the employment of plaintiff, the existence of the agreement with the inclusion of the above-mentioned covenant, and the termination of plaintiff's employment. There was nothing in either the petition or answer that indicated either the territory where defendant sold its products or the territory in which plaintiff worked for defendant, other than the general statement in the petition that plaintiff was product manager of defendant's overseas sales program.

Plaintiff made a motion for judgment on the pleadings, which was sustained by the trial court.

Both sides cite the recent case of *Extine* v. *Williamson Midwest, Inc.*, 176 Ohio St. 403. Plaintiff, appellee herein, relies on the third paragraph of the syllabus, which holds that an agreement in restraint of trade which imposes unreasonable restrictions or limitations as to time or area is invalid.

Defendant stresses the first paragraph of the syllabus of *Extine* v. *Williamson Midwest, Inc., supra,* to the effect that "each case must be decided on its own facts," and contends that the trial court erred in voiding this covenant without hearing any evidence on the circumstances of either party to the agreement. At the hearing on plaintiff's motion for judgment on the pleadings, defendant proffered evidence on the question of the reasonableness of the covenant in question. Although this proffered evidence is in the record, we feel that this case must be decided on the pleadings rather than the contents of the proffered evidence.

We have examined the record and the briefs filed in the case of *Extine* v. *Williamson Midwest, Inc.*, 176 Ohio St. 403, which arose out of a petition for declaratory judgment by plaintiff who was employed by the defendant as an outside salesman in a territory that included the states of Minnesota, Iowa, Nebraska, Kansas, Missouri, Indiana and Michigan, and parts of Illinois. The answer of defendant stated that Williamson Midwest, Inc., was a subsidiary of Williamson & Company, which was engaged in a nation-

al and international business consisting of the production and sale of rubber and plastic printing plate materials, and that Williamson & Company had sales organization subsidiaries for the purpose of handling various sales territories in the United States and throughout the world. Plaintiff's demurrer to defendant's answer was overruled, and the case was tried. The evidence substantiated the above facts and further revealed that Williamson & Company had subsidiary sales organization companies covering the United States and Canada and that Williamson & Company also had customers in Europe and South America.

The covenant in the instant case is similar to the covenant in *Extine* v. *Williamson Midwest, Inc., supra,* in its unlimited geographical application and, thus, would be invalid under the authority of *Extine* v. *Williamson Midwest, Inc., supra,* unless the instant case can be distinguished on its facts from *Extine* v. *Williamson.*

In *Extine* v. *Williamson Midwest, Inc.,* Judge Herbert cited with approval the case of *Arthur Murray Dance Studios of Cleveland, Inc.,* v. *Witter,* 62 Ohio Law Abs. 17. The fifth paragraph of the headnotes of *Arthur Murray Dance Studios of Cleveland, Inc.,* v. *Witter, supra,* is as follows:

"A covenant in a contract restraining an employee, on termination of employment, from competing with his former employer being in restraint of trade is presumptively void and the burden is on the employer of proving the restraint reasonable and the contract valid."

The authority for the above paragraph of the headnotes is *Lufkin Rule Co.* v. *Fringeli,* 57 Ohio St. 596, at pages 602-603, and *Lange* v. *Werk,* 2 Ohio St. 519, paragraphs one and two of the syllabus.

*Lange* v. *Werk,* 2 Ohio St. 519, held that, before such a contract can be enforced, it must appear from the pleadings and proofs (1) that the restraint is partial, (2) founded upon a valuable consideration, and (3) that the contract is reasonable and not oppressive.

We hold that, when a covenant in a contract restraining an employee, on termination of employment, from competing with his former employer is without limit as to

the area in which it is to operate, it is presumptively invalid, and the burden is on the employer to show by both the pleadings and evidence that the restraint is reasonable and the contract is valid.

In the instant case the covenant restraining plaintiff from employment that would compete with defendant is unlimited in its geographical application. We hold that on its face it is presumptively invalid. Defendant did not plead facts that would establish that the restraint is reasonable and the contract was valid, therefore, the decision of the trial court in rendering judgment for the plaintiff on the pleadings was proper.

*Judgment affirmed.*

O'NEILL, J., concurs.

JONES, P. J., dissenting. Before this court is whether or not the pleadings put into issue the question of the reasonableness of the restraint set out in the contract under 7 2 (b) as found on page three of the petition.

Defendant-appellant's answer denies all the allegations set out in the petition, that are not specifically admitted in the answer.

In my opinion the issue of reasonableness of the restraint set out in the contract must be decided upon the facts. The first paragraph of the syllabus in the case of *Extine* v. *Williamson Midwest, Inc.,* 176 Ohio St. 403, is as follows:

"In determining the validity of a covenant or agreement in restraint of trade, each case must be decided on its own facts, and a reasonable balance must be maintained among the interests of employers, employees and the public."

Though the burden be upon the employer of proving the restraint to be reasonable, it does not follow that this need be affirmatively pleaded in answer. It simply means that this burden must be met by the proper weight of the evidence. Therefore, I would reverse and remand this cause for further proceedings according to law.