[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 543.]

THE STATE EX REL. WHITE ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* CUYAHOGA METROPOLITAN HOUSING AUTHORITY, APPELLANT AND CROSS-APPELLEE.

[Cite as *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 1997-Ohio-366.]

*Mandamus—Supreme Court lacks jurisdiction to consider merits of appeal and cross-appeal where court of appeals' entry issuing a writ of mandamus neither determined the action nor prevented a judgment—R.C. 2505.02, construed and applied.*

(No. 96-1545—Submitted July 7, 1997—Decided October 1, 1997.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Cuyahoga County, No. 65936.

_____

{¶ 1} Appellant and cross-appellee, Cuyahoga Metropolitan Housing Authority ("CMHA"), employed appellees and cross-appellants, John White, John K. Sellers, and Ernest Taggert. Prior to their employment with CMHA, White and Taggert were employed by the state of Ohio, and Sellers was employed by the city of Cleveland. Based on the Cuyahoga County Court of Common Pleas' decision in *Bakker v. Cuyahoga Metro. Hous. Auth.* (Feb. 22, 1983), No. 82-36143, unreported, CMHA refused to count appellees' and other employees' prior service with the state or any political subdivision of the state to compute their vacation leave under R.C. 9.44.

{¶ 2} In August 1993, after Sellers had left his employment with CMHA, appellees, on behalf of themselves and all other similarly situated CMHA employees, filed an action in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel CMHA to credit their prior public employment service under R.C. 9.44 in order to compute their vacation leave. Appellees also requested

in their complaint, as subsequently amended, that CMHA award vacation credits retroactively and prospectively, that they be awarded a money judgment for past vacation credit, and that former employees who had been employed by CMHA within six years prior to their suit be included in the class entitled to the writ of mandamus. The court of appeals denied CMHA's motion to dismiss, and CMHA subsequently filed an answer denying appellees' entitlement to the requested relief.

{¶ 3} In February 1996, the court of appeals partially granted appellees' motion to certify the case as a class action. Although the court of appeals had not yet determined appellees' entitlement to mandamus relief, it instructed the parties to submit briefs on remedies the court should order.

{¶ 4} After the parties filed the ordered briefs, the court of appeals entered a judgment granting a writ of mandamus in favor of the certified class. The court of appeals ordered that CMHA (1) credit current employees with their prior Ohio political subdivision experience as mandated by R.C. 9.44; (2) award current employees back vacation time from six years prior to the commencement of the action, with "back vacation time" defined as the difference between vacation leave actually received and vacation leave to which they were actually entitled under R.C. 9.44; (3) permit current employees to use back vacation time without interrupting CMHA business; and (4) pay damages equivalent to back vacation time to CMHA employees who had left CMHA during the pendency of the action. The court of appeals instructed CMHA to prepare and release information necessary to calculate and verify the relief granted to individual class members, including vacation policies, dates on which each class member began employment with CMHA, and vacation time allotted to each class member. In order to implement its ruling, the court of appeals provided for notification of class members, a procedure for class members to apply and establish relief, and a procedure to resolve any future disputes between asserted class members and CMHA to be presided over by a

2

court-appointed commissioner. The court of appeals did not award a specific sum of money or vacation credit to the certified class.

{¶ 5} The cause is now before the court upon an appeal and cross-appeal from the court of appeals' judgment.

_____

*Butler, Feighan, Hyland & Modica*, *Dennis F. Butler* and *Joseph E. Feighan*, for appellees and cross-appellants.

*Graves & Horton, Earle C. Horton, Harold C. Reeder* and *Brett E. Horton*, for appellant and cross-appellee.

_____

**Per Curiam.**

{¶ 6} Initially, we must determine whether we have jurisdiction to consider the merits of this appeal and cross-appeal. Subject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case. *State v. Wilson* (1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196, 200. It may be raised *sua sponte* by an appellate court. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728, 731.

{¶ 7} Appeals as a matter of right may be taken to the Supreme Court in cases originating in courts of appeals, including actions involving extraordinary writs. Section 2(B)(2)(a)(i), Article IV, Ohio Constitution. R.C. 2505.03 limits the appellate jurisdiction of any court, including the Supreme Court, to the review of final orders, judgments, or decrees. *Wright*, 75 Ohio St.3d at 84, 661 N.E.2d at 731. R.C. 2505.02 defines a "final order that may be reviewed, affirmed, modified, or reversed, with or without retrial" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial * * *."

**{¶ 8}** The two categories of final orders that might apply to the court of appeals' order are (1) orders that affect a substantial right in an action which in effect determine the action and prevent a judgment, and (2) orders that affect a substantial right made in a special proceeding. R.C. 2505.02.

**{¶ 9}** Both of these categories require that the order affect a substantial right in order to be final and appealable. A "substantial right" for purposes of R.C. 2505.02 is a legal right enforced and protected by law. *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414; *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381, 1383. Here, the court of appeals' order granting extraordinary relief in mandamus affects substantial rights of the parties.

**{¶ 10}** The court of appeals' order was not made in a special proceeding, as required by the second category of final orders under R.C. 2505.02. Orders that are entered in actions that were recognized at common law or equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C. 2505.02. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, syllabus, overruling *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. Since both class action suits and complaints for writs of mandamus were recognized at common law, orders entered in either action are not made in a special proceeding under R.C. 2505.02. See, *e.g., Blumenthal v. Medina Supply Co.* (1995), 100 Ohio App.3d 473, 475, 654 N.E.2d 368, 369, citing *Hansberry v. Lee* (1940), 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 ("Class action suits were known at common law."); *State ex rel. Moyer v. Baldwin* (1908), 77 Ohio St. 532, 538, 83 N.E. 907, 908 ("The jurisdiction in mandamus that is conferred by the [Ohio] Constitution is the common-law jurisdiction as it then was exercised in this state * * *."); *Shoff v. Shoff* (July 27, 1995), Franklin App. No. 95APF01-8, unreported, 1995 WL 450249.

4

**{¶ 11}** Therefore, the dispositive jurisdictional issue is whether the court of appeals' entry determined the action and prevented a judgment, as required by the first category of R.C. 2505.02 final orders. The court of appeals ruled that CMHA was liable for prior service vacation credit, including back vacation time from the date the mandamus action was filed, but did not specify an amount of damages. Instead, the court of appeals provided a procedure to implement its order: notification of individual class members, application by class members to verify and establish prior qualifying service with appropriate documentation and vacation policies provided by CMHA, and resolution of disputes between any individual class member and CMHA by a court-appointed commissioner.

**{¶ 12}** Generally, orders determining liability in the plaintiffs' or relators' favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment. *State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 53, 671 N.E.2d 13, 15-16; see, also, *Fireman's Fund Ins. Cos. v. BPS Co.* (1982), 4 Ohio App.3d 3, 4 OBR 23, 446 N.E.2d 181. This general rule is similar to that applied in federal cases to determine whether an order entered by a federal court is final and appealable under Section 1291, Title 28, U.S.Code. See, *e.g., Parks v. Pavkovic* (C.A.7, 1985), 753 F.2d 1397.

**{¶ 13}** Courts have recognized an exception to the foregoing general rule. Under this exception, a judgment not completely determining damages is a final appealable order where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains. See, *e.g., Boeing Co. v. Van Gemert* (1980), 444 U.S. 472, 479-480, 100 S.Ct. 745, 750, 62 L.Ed.2d 676, 682-683, fn. 5; *McMunn v. Hertz Equip. Rental Corp. v. Eichleay Corp.* (C.A.7, 1986), 791 F.2d 88, 90; *U.S.A. v. Brook Contracting Corp.* (C.A.3, 1985), 759 F.2d 320, 323; *Pledger v. Bosnick* (1991), 306 Ark. 45, 811 S.W.2d 286.

**{¶ 14}** This exception is inapplicable here. For example, in *Boeing*, 444 U.S. at 476, 100 S.Ct. at 748, 62 L.Ed.2d at 680, fn. 1, the federal district court entered judgment in favor of the certified class for the principal sum of $3,289,359 plus statutory interest. Although the amount due the individual class members had not been ascertained, "[n]othing in the court's order made Boeing's liability for this amount contingent upon the presentation of individual claims." *Id.*, 444 U.S. at 480, 100 S.Ct. at 750, 62 L.Ed.2d at 682, fn. 5. The Supreme Court of the United States determined that the judgment awarding the class a fixed recovery was final and appealable. *Id.*, 444 U.S. at 480, 100 S.Ct. at 750, 62 L.Ed.2d at 683, fn. 5. In contrast, the entry here did not fix CMHA's total liability to the certified class.

**{¶ 15}** Similarly, unlike other cases applying the exception, it is not evident that only a ministerial task similar to executing a judgment or assessing costs remains for the court of appeals. See *Parks, McMunn,* and *Pledger*. In fact, the court of appeals' entry envisions the possibility of disputes concerning alleged class members' individual claims by providing a dispute resolution procedure and appointing a commissioner. Subsequent appeals from orders resolving these disputes are not necessarily unlikely. Further, the court of appeals has not yet considered evidence regarding CMHA's vacation policies. See *State ex rel. N. Olmsted Fire Fighters Assn. v. N. Olmsted* (1992), 64 Ohio St.3d 530, 534-535, 597 N.E.2d 136, 140 (Court of appeals erred in not evaluating employee's prior state service under city's vacation accrual policy to determine whether prior state service satisfied policy's conditions for vacation eligibility.).

**{¶ 16}** Based on the foregoing, the court of appeals' entry issuing a writ of mandamus neither determined the action nor prevented a judgment. The entry consequently is not a final appealable order under R.C. 2505.02, and we lack the requisite jurisdiction to consider the merits of this appeal and cross-appeal. Accordingly, the appeal and cross-appeal are dismissed.

*Appeal and*

*cross-appeal dismissed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

————————————