OPINION
{¶ 1} Defendants-appellants Morrow Sanitary Company, Ronald Harper and Jerry Rutledge appeal from the Order of the Morrow County Court of Common Pleas granting the Motion for Partial Summary Judgment filed by plaintiff-appellee State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Morrow Sanitary Company is the owner and/or operator of the Morrow Sanitary Landfill. Appellant Ronald Harper is the Secretary-Treasurer of Morrow Sanitary Company and appellant Jerry Rutledge is the President.
 {¶ 3} On January 20, 1999, appellee State of Ohio filed a complaint against appellants in the Morrow County Court of Common Pleas. Appellee, in its complaint, alleged that appellants failed to lawfully close a solid waste disposal facility and also set forth a claim of statutory and common law nuisance. In addition to injunctive relief, appellee, in its complaint, sought damages in excess of $25,000.00, court costs and attorney's fees and also requested that the trial court assess civil penalties against appellants. Appellee, in its complaint, further sought to hold appellants Harper and Rutledge personally liable by piercing the corporate veil.[1]
 {¶ 4} Thereafter, on May 5, 1999, appellants filed a counterclaim against appellee as well as cross claims against the Morrow County Commissioners, Village of Mount Gilead, Ohio, Village of Cardington, Ohio, Village of Edison, Ohio, the Trustees of Gilead Township, the Morrow County Health District and Patricia Rice nka Harden. Patricia Rice nka Harden had, in 1987, sold all of the outstanding shares of appellant Morrow Sanitary Company to appellant Rutledge. Pursuant to a Journal Entry filed on August 23, 2000, the trial court granted appellee's Motion to Dismiss appellants' counterclaim and fourth cross claim, which was against the "State of Ohio through the Ohio EPA and the Morrow County Health District, and the Morrow County Commissioners. . . ."
 {¶ 5} Appellants filed a Notice of Dismissal of their cross claim against the Village of Cardington on March 23, 2001.
 {¶ 6} Subsequently, on November 28, 2001, appellants Ronald Harper and Jerry Rutledge filed a Motion for Summary Judgment, arguing that appellee had failed to plead the necessary elements in order to pierce the corporate veil and hold them personally liable for the acts of appellant Morrow Sanitary Company. In turn, appellee, on November 30, 2001, filed a Motion for Partial Summary Judgment against appellants. Appellee, in its motion, stated, in relevant part, as follows:
 {¶ 7} "Specifically, the State seeks judgment as to the liability of Defendants for past violations of Ohio's environmental laws, and judgment as to appropriate injunctive relief to correct those violations. The State is not seeking judgment as to the appropriate amount of civil penalty."
 {¶ 8} On December 13, 2001, appellants filed a Notice of Dismissal of their cross claims against Morrow County Commissioners, Village of Edison, Ohio, the Trustees of Gilead Township, and the Morrow County Health Department. Appellants, in their notice, indicated that "[i]t is in the intent of the Defendants to retain Patricia A. Rice NKA Harden as a Third Party Defendant to their cross-complaints."
 {¶ 9} Thereafter, as memorialized in an Order filed on April 16, 2002, the trial court granted appellee's Motion for Partial Summary Judgment while denying the motion filed by appellants. Pursuant to a stipulated dismissal filed on June 5, 2003, appellee dismissed its common law nuisance claim. Thereafter, a Journal Entry was filed on August 25, 2003, ordering that "the judgment entered on April 16, 2002, be corrected Nunc Pro Tunc, finding that there is no just reason for delay . . ."
 {¶ 10} Appellants now raise the following issues on appeal:
 {¶ 11} "I. The trial court erred in granting plaintiff's motion for partial summary judgment on count one of the complaint, alleging failure to lawfully close a solid waste disposal facility, for the reason that there is genuine issues of material fact present sufficient to preclude entry of a summary judgment.
 {¶ 12} "II. The trial court erred as a matter of law in granting plaintiff's motion for partial summary judgment on count two of the complaint, alleging statutory nuisance violations, ORC3767.02 and 3767.13(b), for the reason that solid waste disposal sites are controlled by the specific provisions of chapter 3734 and not by the general provisions of chapter 3767 of ORC.
 {¶ 13} "III. That the trial court erred in granting plaintiff's motion for partial summary judgment on count two of the complaint, alleging statutory nuisance, for the reason that there is genuine issues of material fact present sufficient to preclude entry of a summary judgment."
 I, II, III {¶ 14} Appellants, in their three assignments of error, argue that the trial court erred in granting the Motion for Partial Summary Judgment filed by appellee.
 {¶ 15} Before addressing the merits of appellants' arguments, we note that when jurisdiction appears unclear, a Court of Appeals should raise issues of jurisdiction sua sponte. In reEstate of Geanangel, 147 Ohio App.3d 131, 134, 2002-Ohio-850,768 N.E.2d 1235. Thus, before considering the merits, we shall consider whether this Court has jurisdiction over appellants' appeal.
 {¶ 16} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 17} To be final and appealable, an order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B).
 {¶ 18} Revised Code 2505.02(B) defines final orders as follows:
 {¶ 19} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 20} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 21} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 22} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 23} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 24} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 25} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 26} "(5) An order that determines that an action may or may not be maintained as a class action.". . .
 {¶ 27} In this case, the April 16, 2002, Order granting appellee's motion for partial summary judgment does not meet any of the criteria identified in R.C. 2505.02(B). "Generally, orders determining liability in the plaintiffs' or relators' favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." See State ex rel. White v. Cuyahoga Metro.Hous. Auth., 79 Ohio St.3d 543, 546, 1997-Ohio-366,684 N.E.2d 72. See also Accu-Scan, Inc. v. Global-Tran, Inc. (Dec. 11, 1991), Richland App. No. CA-2950, 1991 WL 271468. As such, the order granting appellee's Motion for Partial Summary Judgment was not a final, appealable order since the issue of damages was not addressed or determined. Furthermore, appellants cross-claim against Village of Mt. Gilead remains pending as does the cross-claim against Patricia Rice.
 {¶ 28} We are cognizant that the trial court in its April 16, 2002, Order, included language pursuant to Civ. R. 54(B). Specifically, the trial court included language which stated that "there is no just reason for delay . . ."
 {¶ 29} Civil Rule 54(B) provides:
 {¶ 30} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 31} { ¶ 36} However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order". Noble v. Colwell (1989), 44 Ohio St.3d 92,96, 540 N.E.2d 1381. The order at issue must always be a final appealable order in accordance with R.C. 2505.02.
 {¶ 32} Since the April 16, 2002, order granting partial summary judgment to appellee is not a final appealable order under R.C. 2505.02 because the issue of damages was never addressed and because the cross-claims against Village of Mt. Gilead and Patricia Rice remain pending, this Court lacks jurisdiction to consider the merits of appellants' appeal.
 {¶ 33} Accordingly, appellants' appeal is dismissed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the within appeal is dismissed. Costs assessed to appellants.
[1] Appellee, in its complaint, alleged that Morrow Sanitary Company "has no identity or existence separate from Mr. Harper and Mr. Rutledge."