JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, General Medicine, P.C., appeals the decision of the Cuyahoga County Court of Common Pleas denying General Medicine's motion for summary judgment and granting summary judgment in favor of defendant-appellee, Dr. Petrica Manolache.
 {¶ 2} General Medicine filed an action seeking a declaration that the noncompete clause of the employment contract between it and Dr. Manolache was valid and enforceable. Dr. Manolache counterclaimed against General Medicine, alleging various claims, including a declaration that the noncompete clause was invalid and unenforceable.
 {¶ 3} General Medicine filed a motion for summary judgment on its claim, seeking a declaratory judgment that the noncompete clause of the employment contract was valid and enforceable. Dr. Manolache opposed General Medicine's motion for summary judgment but did not move for summary judgment.
 {¶ 4} The trial court granted summary judgment in favor of Dr. Manolache and declared the noncompete clause to be invalid. General Medicine appeals, advancing two assignments of error for our review. General Medicine's first assignment of error states the following:
 {¶ 5} "The trial court erred by ruling that a covenant not to compete is per se invalid because it involves a physician."
 {¶ 6} General Medicine argues that the trial court's blanket ruling that the *Page 4 
noncompete clause is invalid is contrary to law. General Medicine contends that the trial court should have evaluated the reasonableness of the agreement's restrictions and should have fashioned an appropriate restriction to protect General Medicine's legitimate business interests.
 {¶ 7} In Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, the Supreme Court of Ohio set forth the standard for assessing restrictive covenants in employment contracts as one of reasonableness. A covenant restricting an employee from competing with his former employer upon termination of employment is reasonable if the restriction is no greater than required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public. Id. at 26. A covenant which imposes unreasonable restrictions upon an employee will be enforced only to the extent necessary to protect an employer's legitimate interests. Id. at 25-26.
 {¶ 8} Covenants not to compete should in general be strictly construed, since such covenants are normally written by the employer and are in restraint of trade and the right to a livelihood. Morgan LumberSales Co. v. Toth (1974), 41 Ohio Misc. 17, 19. The burden is on the employer to prove that the restraint is reasonable and the contract is valid. Arthur Murray Dance Studios of Cleveland v. Witter (1952), 62 Ohio Law Abs. 17, 30; Evans v. Duracote Corp. (1968), 13 Ohio App.2d 63,65. In determining what is reasonably necessary for the protection of the employer, the nature and extent of the service of the employee and other pertinent conditions are *Page 5 
to be considered. Briggs v. Butler (1942), 140 Ohio St. 499, 507.
 {¶ 9} "The purpose in allowing non-competition agreements is to foster commercial ethics and to protect the employer's legitimate interests by preventing unfair competition — not ordinary competition. Therefore, the agreement must be reasonable before it will be enforced, and there must be a weighing of the interests of the employer, the employee, and the public to determine what is reasonable." Westco Group, Inc. v. CityMattress (Feb. 15, 1985), Montgomery App. No. 12619.
 {¶ 10} In Williams v. Hobbs (1983), 9 Ohio App.3d 331, the court held that a covenant restraining a physician employee from competing with his former employer upon termination of his employment is unreasonable when it imposes undue hardship on the physician and is injurious to the public, the physician's services are vital to the health, care and treatment of the public, and the demand for his medical expertise is critical to the people in the community. Id. at 333. In this case, the covenant not to compete stated the following:
 "For the one (1) year period following the termination or expiration of this Agreement under any circumstances whatsoever (the `Restricted Period'), [Manolache] shall not, within twenty (20) miles of any current facility or any facility * * * General Medicine, P.C., has a contract with, in any manner, directly or indirectly * * * compete with [General Medicine] * * * [or] contact, solicit or attempt to contact or solicit for any business purpose any * * * customer * * * of [General Medicine] or interfere with or attempt to disrupt any relationship * * * whether contractual or otherwise, between [General Medicine] and any customer * * * or other party doing business * * * with [General Medicine]."
 {¶ 11} The trial court invalidated the entire clause, stating as follows: *Page 6 
 "The Court hereby declares the covenant not to compete invalid and unenforceable due to the fact that the covenant at issue in this case involves a physician. The Court generally disfavors covenants not to compete involving professionals because restrictions limiting the ability of a physician to practice may affect the public's ability to obtain medical care. The Court will not enforce a covenant that will restrict a patient's right to choose his physician."
 {¶ 12} The trial court improperly declared the noncompete clause was unenforceable simply because it involved a physician. While covenants not to compete are disfavored in the medical profession, they are not per se unreasonable. Ohio Urology, Inc. v. Poll (1991),72 Ohio App.3d 446, 451. The trial court was required to enforce the covenant to the extent necessary to protect General Medicine's legitimate interests. We note, however, that if there is no legitimate interest of the employer to protect, then a noncompete agreement is unreasonable. Westco Group,Inc. v. City Mattress (Feb. 15, 1985), Montgomery App. No. 12619. Nevertheless, this is an issue for the trial court to determine. Accordingly, General Medicine's first assignment of error is sustained.
 {¶ 13} General Medicine's second assignment of error states the following:
 {¶ 14} "The trial court erred by granting summary judgment to the nonmoving party."
 {¶ 15} In this case, the trial court ruled that the noncompete clause was invalid; consequently, the trial court granted summary judgment in favor of Dr. Manolache. Because Dr. Manolache had not moved for summary judgment, the court cited State ex. rel. Cuyahoga County Hospital v.Ohio Bureau of Workers' Compensation *Page 7 
(1986), 27 Ohio St.3d 25, 28, as authority to grant summary judgment to a nonmoving party.
 {¶ 16} We agree that the above-captioned case gives the court authority to grant summary judgment for a nonmoving party when the facts are not contested, there is no issue of fact, and a settlement of the legal question is determinative of the dispute. Since we have determined that the trial court erred when it ruled that the noncompete clause was invalid, summary judgment was improperly granted. Accordingly, General Medicine's second assignment of error is sustained.
 {¶ 17} The judgment is reversed and the case is remanded to the trial court to determine whether the noncompete clause is reasonable. Keeping in mind that the trial court is required to enforce the covenant to the extent necessary to protect General Medicine's legitimate interests, if there is no legitimate interest to protect, the noncompete clause in this case is unreasonable.
Judgment reversed and case remanded.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1