OPINION *Page 2 
{¶ 1} Plaintiff-appellant Virginia Skidmore appeals the January 28, 2008 Judgment Entry of the Perry County Court of Common Pleas granting partial summary judgment in favor of Defendant-appellee Mount Aloysius, Corp.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 2, 2005, Appellant suffered injuries while working for her employer Mount Aloysius. Appellant filed a workers compensation claim, and was subsequently awarded benefits for medical payments and temporary total disability benefits.
 {¶ 3} Appellant again suffered injuries while at work in September of 2006. She was again awarded temporary total disability benefits. In December of 2006, she was released by her physician to return to work with limited restrictions, and her temporary total disability benefits were terminated.
 {¶ 4} Upon her return to work, Appellant was advised there were issues with her restrictions, and told to return home and she would be called with regard to her work assignment.
 {¶ 5} On March 22, 2007, Appellant applied for unemployment compensation benefits.
 {¶ 6} On August 15, 2007, Appellant filed the within action against Mount Aloysius, Corp. The complaint set forth the following claims: Count I-Violation of R.C. 4123.90 (Workers Compensation Retaliation Claim); Count II-Wrongful Termination in Violation of Public Policy; Count III-Wrongful Termination in Violation of *Page 3 
R.C. Section 4112; Count IV-Wrongful Termination in Violation of Public Policy-Age Discrimination; Count V-Estoppel; Count VI-Intentional Infliction of Emotional Distress.
 {¶ 7} On December 19, 2007, Mount Aloysius filed a motion seeking partial summary judgment in connection with Counts I, II and IV of Appellant's complaint. On January 7, 2008, Appellant filed a notice of partial dismissal, pursuant to Civil Rule 41(A) of Counts II and IV.
 {¶ 8} On January 28, 2008, the trial court, via Judgment Entry, granted Mount Aloysius' motion for partial summary judgment as to Count I.
 {¶ 9} Appellant now appeals, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON APPELLANT'S WORKERS' COMPENSATION RETALIATION CLAIM PURSUANT TO R.C. 4123.90 BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING THIS CLAIM. THE ERROR IS REFLECTED ON THE FACE OF THE TRIAL COURT'S SINGLE PAGE DECISION."
 {¶ 11} As an initial matter, this Court must determine whether the trial court's January 28, 2008 Judgment Entry is a final appealable order ripe for review, which vests this Court with jurisdiction.State ex. rel. White v. Cuyahoga Metro. Hous. Auth., 79 Ohio St.3d 543,544, 1997-Ohio-366. Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed.General Acc. Ins. Co. v. Insurance of North America (1989),44 Ohio St.3d 17. *Page 4 
 {¶ 12} For a court order to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and the order does not enter a judgment on all the claims, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." State ex rel. Scruggs v.Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315.
 {¶ 13} R.C. 2505.02(B)(1) defines a final order, in part, as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It involves the notion of a legal right that will be enforced and protected by law. Noble v. Colwell (1984),44 Ohio St.3d 92, 94, 540 N.E.2d 1381, citing North v. Smith (1906), 73 Ohio St. 247,249. An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mount Sinai Med.Ctr. (1993), 67 Ohio St.3d 60.
 {¶ 14} We conclude the trial court's January 28, 2008 Judgment Entry granting summary judgment in favor of Mount Aloysius on one of Appellant's four remaining counts does not determine the action because three of Appellant's claims remain pending. Furthermore, the trial court's decision does not prevent Appellant from obtaining a favorable judgment against Mount Aloysius on the remaining three counts. We find, therefore, the trial court's January 28, 2008 Judgment Entry is not a final appealable order. *Page 5 
 {¶ 15} While we recognize the trial court's Judgment Entry included Civil Rule 54(B) language, the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order. Noble v. Colwell (1989), 44 Ohio St.3d 92.
 {¶ 16} Civil Rule 54(B) reads:
 {¶ 17} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 18} As stated above, following the trial court's January 28, 2008 granting Mount Aloysius summary judgment as to Count I of Appellant's complaint, three counts remained pending. Specifically, Appellant's claims for wrongful termination, in violation of R.C. Section 4112, estoppel and intentional infliction of emotional distress remained pending. The claims in the case sub judice were not factually separate and did not require proof of different facts, but were intertwined. The claims all stemmed from the *Page 6 
same alleged conduct. Moreover, in all three claims, Appellant sought the same relief. Only the theories of recovery were different.
 {¶ 19} Accordingly, the trial court's inclusion of the required Civil Rule 54(B) language did not render the January 28, 2008 Judgment Entry a final appealable order, because the remaining claims are so "inextricably intertwined with the other claims and issues on appeal. See Glenmoore Builders, Inc. v. Smith Family Trust, 2008-Ohio-1379.
 {¶ 20} Accordingly, we find the January 28, 2008 Judgment Entry of the Perry County Court of Common Pleas is not a final appealable order, and this Court lacks jurisdiction to review the same. The appeal is, therefore, dismissed.
 Hoffman, P.J. Farmer, J. and Delaney, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed. Costs to appellant. *Page 1