OPINION
{¶ 1} Defendant-appellant Christopher Morris appeals from his sentence of ten years on a conviction for Aggravated Burglary and a one-year consecutive sentence on his conviction for a Firearm Specification under R.C. 2941.141. Morris contends that the trial court could not impose a one-year term of imprisonment, because the indictment failed to charge him with a Firearm Specification under R.C. 2941.141.
 {¶ 2} We conclude that the indictment substantially adhered to the format *Page 2 
outlined in R.C. 2941.141, and did not either mislead or prejudice Morris. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Morris was arrested after a break-in at a residence on West Mulberry Street in Springfield, Ohio. After the break-in, one of the residents, Kevin Grider, chased Morris for a few blocks, and eventually caught him. During the ensuing confrontation, Morris slipped out of a jacket and jersey he had been wearing. Morris then picked up a gun from the ground, and walked over to Grider saying, "Yeah, what now? Now what?" State v. Morris, Clark App. No. 06-CA-65, 2007-Ohio-3591, at ¶ 9.
 {¶ 4} After the incident, Morris was indicted on one count of Aggravated Burglary, with a firearm specification. Count One of the Indictment alleged that Morris:
 {¶ 5} "did by force, stealth, or deception, trespass in an occupied structure, or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense when the offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control in violation of Section 2911.11(A)(2) of the Ohio Revised Code contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio."
 {¶ 6} Count One contained the following specification:
 {¶ 7} "The Grand Jurors further find and specify that Christopher Allen Morris had a firearm on or about the offender's person or under the offender's control while *Page 3 
committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 8} The jury's verdict form contained three separate findings: (1) that Morris was guilty of the offense of Aggravated Burglary pursuant to R.C. 2911.11(A)(2); (2) that Morris had a firearm on his person or under his control while committing the offense; and (3) that Morris had displayed the firearm, brandished it, used it, or otherwise possessed it while committing the offense. The jury found against Morris on each of these matters. After the verdict, the trial court imposed a ten-year sentence for the Aggravated Burglary conviction, and a three-year mandatory prison term for the firearm specification. The sentence for the firearm specification conviction was to be served prior to, and consecutive to, the ten-year sentence for Aggravated Burglary.
 {¶ 9} On appeal, we rejected Morris's contention that the trial court had abused its discretion in denying a motion to dismiss the indictment. We concluded that the indictment was not defective on its face simply because it recited the language of R.C. 2911.11(A)(2). However, we did agree with Morris that "the evidence presented by the state was not sufficient to convict Morris of a three-year firearm specification under R.C. 2941.145, where the confrontation involving the revolver occurred after the defendant had exited the occupied structure." 2007-Ohio-3591, at ¶ 5. In this regard, we noted that:
 {¶ 10} "Morris has demonstrated plain error, where the state presented no evidence that he displayed, brandished, indicated that he possessed, or used a firearm to facilitate the offense. Here, the state's witness, Kevin Grider, testified that Morris pulled a gun on him while the two men fought near Catanzaro's Pizza and Subs on *Page 4 
Dayton Avenue. This encounter, however, took place after Morris had fled the residence on West Mulberry — approximately 1 ½ blocks away. While circumstantially it may be reasonable for a jury to infer that Morris had the firearm in his possession while breaking into the residence, there was no evidence that he displayed the gun, brandished it, or used it to facilitate the offense. Thus, we find it was plain error to convict Morris of a three-year firearm specification under R.C. 2941.145." 2007-Ohio-3591, at ¶ 42.
 {¶ 11} Accordingly, we reversed the judgment in part and remanded the case for further proceedings. Id. at ¶ 43. On remand, the trial court filed an amended judgment entry of conviction in July 2007. The record does not reflect that a hearing was held or that Morris was present for any proceeding prior to the filing of the amended entry. In the amended entry, the court concluded that Morris had a firearm about his person while committing the Aggravated Burglary. The trial court ordered Morris to serve a one-year mandatory prison term for the firearm specification, prior to, and consecutive to, the ten-year term for Aggravated Burglary. In imposing this sentence, the court found sufficient evidence that Morris had a firearm on or about his person or under his control while committing the Aggravated Burglary "under the terms of Revised Code Section 2941.141." July 30, 2007 Termination Entry, p. 2. No appeal was taken from this judgment.
 {¶ 12} Subsequently, in September 2007, the trial court ordered Morris to be conveyed to court for a hearing. Morris attended the hearing with court-appointed counsel. At the hearing, the trial court interpreted our appellate decision to mean that Morris stood convicted of a one-year gun specification. Morris contended that the indictment did not charge a one-year firearm specification under R.C. 2941.141. Morris *Page 5 
also argued that the trial court did not have authority to treat the one-year firearm specification as a lesser included offense, because specifications are not criminal offenses in and of themselves. The trial court rejected Morris's arguments, and re-imposed the one-year sentence, to be served prior to, and consecutive to, the ten-year sentence for Aggravated Burglary. Morris appeals from the judgment.
 II {¶ 13} Morris's sole assignment of error is as follows:
 {¶ 14} "AFTER APPELLANT'S CONVICTION AND SENTENCE ON A RC 2941.145
FIREARM SPECIFICATION WAS REVERSED ON APPEAL, THE TRIAL COURT ERRED WHEN, UPON REMAND, IT CONVICTED AND THEN SENTENCED APPELLANT ON AN UNINDICTED RC 2941.141 FIREARM SPECIFICATION."
 {¶ 15} Under this assignment of error, Morris contends that specifications are not criminal offenses and that a one-year firearm-specification sentence could not be imposed as a "lesser-included offense" of a three-year firearm specification of which the jury had found him guilty, once this court had reversed the three-year firearm specification for lack of sufficient evidence of the additional facts required for a three-year firearm specification that are not required for a one-year firearm specification. Morris also contends that he could not be sentenced on the one-year firearm specification, because R.C. 2941.141 was omitted from the indictment.
 {¶ 16} The State agrees that specifications are not lesser-included offenses. However, the State maintains that the trial court instructed the jury on two firearm specifications, one of which stated that Morris had a firearm in his possession at the *Page 6 
time of the offense. The trial court also told the jury that if it found Morris guilty of the firearm specification, it should continue its deliberations to separately decide beyond a reasonable doubt whether Morris displayed the firearm, brandished it, used it, or otherwise indicated that he possessed it. The State contends, therefore, that the jury verdict form allowed the jury to render a guilty verdict on possession of the firearm, separate and apart from its verdict on whether Morris was guilty of brandishing or using the firearm.
 {¶ 17} Before addressing the merits of the appeal, we will consider the issue of our subject-matter jurisdiction, which may be raised on our own motion. State ex rel. White v. Cuyahoga Metro. Hous. Auth.,79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Although the State has not filed a motion to dismiss the appeal, "[s]ubject-matter jurisdiction may not be waived or bestowed upon a court by the parties to the case." Id. Morris did not appeal within thirty days of the trial court's July 30, 2007 sentencing entry, nor did he file a motion for leave to file a delayed appeal. See App. R. 4(A) (requiring notices of appeal to be filed within 30 days of the judgment or order being appealed), and App. R. 5(A) (allowing motions for delayed appeal). In the absence of a timely appeal, or motion for delayed appeal, we lack jurisdiction.State v. Todd (Oct. 5, 2001), Montgomery App. No. 18534,2001 WL 1173485, * 2, citing State v. West (Jan. 19, 2001), Greene App. No. 2000CA56, 2001 WL 43110. In light of the circumstances of this case, which include the fact that the trial court's initial judgment entry was filed prior to the sentencing hearing required by R.C. 2929.19(A), we will construe the current appeal as a request for delayed appeal. The request for a delayed appeal is granted. *Page 7 
 {¶ 18} Turning now to the merits, we note that under R.C. 2941.141(A):
 {¶ 19} "Imposition of a one-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense. The specification shall be stated at the end of the body of the indictment, count, or information, and shall be in substantially the following form:
 {¶ 20} "`SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense.)'"
 {¶ 21} The specification in the present case substantially complies with the above form. As was noted, Count One of the indictment alleged that Morris had a firearm in his possession while committing Aggravated Burglary. The specification for Count One reiterated that Morris had a firearm on his person or under his control while committing the offense, and added that Morris had "displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 22} The verdict form separated the two issues, by allowing the jury to first consider the issue of whether Morris had a firearm on his person or under his control while committing the Aggravated Burglary. If the jury decided that Morris had possession or control, the jury would then decide whether Morris displayed, brandished, or used the firearm to commit the offense. The jury found against Morris on both issues. *Page 8 
 {¶ 23} The focus on substantial adherence to the statutory format is consistent with existing law, which provides that:
 {¶ 24} "An indictment must contain words that are `sufficient to give the accused notice of all the elements of the offense with which the defendant is charged.' Crim. R. 7(B). Furthermore, the indictment must contain `the essential facts constituting the offense for which an accused will be tried.'" Garfield Hts. v. Skerl (1999),135 Ohio App.3d 586, 595, 735 N.E.2d 27.
 {¶ 25} Similarly, Crim. R. 7(B) provides that "The statement [in the indictment] may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." (Bracketed material added). See, also, R.C. § 2941.08(K) (noting that an indictment is not made invalid, and the trial is not affected, for "defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits.")
 {¶ 26} We have rejected attacks on indictments where there is no reasonable possibility that the defendant has been misled by the indictment or by its amendment. See State v. Mays (1995),104 Ohio App.3d 241, 247, 661 N.E.2d 791, 794 (defect in indictment did not mislead defendant), and City of Xenia v. Chard (Dec. 12, 1991), Greene App. No. 91-CA-17, 1991 WL 262677, * 3 (amendment of complaint did not prejudice or mislead defendant).
 {¶ 27} Another purpose of requiring a sufficient indictment is to ensure that a *Page 9 
defendant receives his right, under the Ohio Constitution, Article I, Section 10, to have a grand jury first determine that there is probable cause to believe that the defendant has committed an offense, before the defendant may be required to stand trial for that offense, if it is a serious offense for which imprisonment in a penitentiary may be imposed. In this case, that constitutional purpose has been satisfied. When the grand jury found probable cause to believe that Morris "had a firearm on or about the [his] person or under [his] control while committing the offense and displayed the firearm, brandished the firearm, indicated that [he] possessed the firearm, or used it to facilitate the offense," the grand jury necessarily found probable cause to believe the lesser state of facts required for the one-year firearm specification that Morris "had a firearm on or about the [his] person or under [his] control while committing the offense."
 {¶ 28} After reviewing the record, we see no evidence that Morris was misled or that he was prejudiced in any way by the specification in the indictment. The indictment notified Morris of a specification involving his possession or control of a weapon. Consistent with the specification, the jury found that Morris was in possession or control of a weapon while committing Aggravated Burglary. As we observed in our prior opinion, the jury could have reasonably inferred under the circumstantial evidence "that Morris had the firearm in his possession while breaking into the residence." 2007-Ohio-3591, at ¶ 42.
 {¶ 29} Accordingly, Morris's sole assignment of error is overruled.
 III *Page 10 {¶ 30} Morris's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1