OPINION *Page 2 
{¶ 1} Defendants-appellants Conquest Drilling, Inc. and Jonathan and Shari Davey appeal the October 24, 2007 Judgment Entry of the Muskingum County Court, Small Claims Division, in favor of Plaintiffs-appellees Jeremy Barber and Debbie Barber.
 STATEMENT OF THE CASE {¶ 2} On September 14, 2007, Appellees Jeremy and Debbie Barber filed this action in the Muskingum County Court, Small Claims Division, against Appellants Conquest Drilling, Inc and Jonathan and Shari Davey seeking funds owed as a result of Jeremy Barber's employment. Appellants filed a counterclaim on October 2, 2007. On October 24, 2007, via Judgment Entry, the trial court entered a general judgment in favor of the Barbers in the amount of $1,453.32.
 {¶ 3} Appellants now appeals, assigning as error:
 {¶ 4} "I. JUDGMENT AGAINST THE APPELLANTS, JONATHAN AND SHARI DAVEY, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} As an initial matter, this Court must determine whether the trial court's Judgment Entry is a final appealable order ripe for review, which vests this Court with jurisdiction. State ex. rel. Whitev. Cuyahoga Metro. Hous. Auth., 79 Ohio St.3d 543, 544, 1997-Ohio-366. Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. General Acc. Ins. Co. v.Insurance of North America (1989), 44 Ohio St.3d 17. *Page 3 
 {¶ 6} For a court order to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and the order does not enter a judgment on all the claims, the order must also satisfy Civil Rule 54(B) by including express language that "there is no just reason for delay." State ex rel. Scruggs v.Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315.
 {¶ 7} We find the trial court's October 24, 2007, is not a final appealable order. The entry does not indicate against who the verdict is imposed. Further, the trial court failed to resolve all the claims pending between the parties, as the entry does not enter disposition of the pending counterclaim. Accordingly, the appeal is dismissed for want of jurisdiction.
 Hoffman, P.J., Wise, J., and Delaney, J., concur. *Page 4 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the appeal is dismissed for want of jurisdiction. Costs assessed to Appellant. *Page 1