JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Petrica Manolache, M.D. ("Dr. Manolache"), filed this appeal from the trial court's decision to grant partial summary judgment to appellee, General Medicine, P.C. ("General Medicine"). After review of the record, we dismiss the appeal for lack of jurisdiction.
 {¶ 2} On March 14, 2006, General Medicine filed a complaint against Dr. Manolache for a declaration that their employment agreement's noncompete clause was valid and enforceable, for a finding that Dr. Manolache breached the noncompete clause, and for damages. The trial court granted summary judgment in favor of Dr. Manolache and "declared the covenant not to compete invalid and unenforceable due to the fact that the covenant at issue * * * involves a physician." See, General Med.,P.C. v. Manolache (Case No. CV-586654).
 {¶ 3} On August 16, 2007, this court held that "[t]he trial court improperly declared the noncompete clause was unenforceable simply because it involved a physician. While covenants not to compete are disfavored in the medical profession, they are not per se unreasonable.Ohio Urology, Inc. v. Poll (1991), 72 Ohio App.3d 446, 451,594 N.E.2d 1027. The trial court was required to enforce the covenant to the extent necessary to protect General Medicine's legitimate interests."General Med., P.C. v. Manolache, Cuyahoga App. No. 88809,2007-Ohio-4169. This court reversed and remanded the case for the trial court to determine whether the noncompete clause was reasonable. Id. *Page 4 
 {¶ 4} On remand, General Medicine and Dr. Manolache filed cross-motions for summary judgment. In General Medicine's motion for partial summary judgment, it asked the court to determine the validity of the noncompete clause and, if valid, whether Dr. Manolache breached it. General Medicine also asked that the trial court not determine the issue of damages.
 {¶ 5} The trial court denied Dr. Manolache's motion and granted in part General Medicine's motion for partial summary judgment. Specifically, the trial court held that "the non-compete clause is valid and enforceable to the extent that it protects the plaintiff's legitimate interest in maintaining its existing business relationships without interference by the defendant, a person the plaintiff installed in the nursing home facilities. It is not `ordinary competition' where the plaintiff gave the defendant in the first place the opportunity to foster relationships with the defendant's customers. However, the noncompete will not be enforced beyond the facilities where the plaintiff placed the defendant, nor will it be enforced to the extent that any particular patient at one of the facilities specifically requested that Dr. Manolache provide his services after the termination."
 {¶ 6} As requested by General Medicine, the trial court did not address the issue of damages. The court did, however, grant Dr. Manolache's motion for Civ. R. 54(B) certification.
 {¶ 7} Civ. R. 54(B) provides: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties *Page 5 
are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 8} Despite the Civ. R. 54(B) certification that "there is no just cause for delay," "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02[1] in order to be final and appealable." Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381, at syllabus. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Id. *Page 6 
 {¶ 9} In State ex rel. White v. Cuyahoga Metro. Hous. Auth.,79 Ohio St.3d 543, 546, 1997-Ohio-366, 684 N.E.2d 72, the Ohio Supreme Court stated that generally "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent a judgment." Id.
 {¶ 10} Because the trial court bifurcated the issues of liability and damages, there is no final appealable order. See McKenzie v. Payne, Cuyahoga App. No. 83610, 2004-Ohio-2341. Pursuant to R.C. 2505.02 and Civ. R. 54(B), this court does not have jurisdiction to consider this action on appeal. Accordingly, this appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and JAMES D. SWEENEY, J.*, CONCUR.
[1] R.C. 2505.02(B) provides: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment; (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; (3) An order that vacates or sets aside a judgment or grants a new trial; (4) An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. (5) An order that determines that an action may or may not be maintained as a class action."
* (SITTING BY ASSIGNMENT: JUDGE JAMES D. SWEENEY, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.) *Page 1